IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SANDRA L. HUFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-260-RAH-JTA |
| | ) |
| PUBLIX, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This employment discrimination case is before the court due to Plaintiff's inaction. Pursuant to 28 U.S.C. § 636, the court referred this case to the undersigned Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. (Doc. No. 4.) For the reasons stated below, the undersigned recommends this action be dismissed without prejudice.

**I.   JURISDICTION**

This court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as Plaintiff purports to allege a claim under Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e, *et seq*.).

**II.   DISCUSSION**

On April 30, 2024, Plaintiff, proceeding pro se, filed a Title VII complaint against her former employer, Defendant Publix. (Doc. No. 1.) The same day, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) On May 3, 2024, the court

issued an order granting Plaintiff leave to proceed *in forma pauperis*. (Doc. No. 5.) The court also informed Plaintiff of her responsibility to maintain a correct mailing address on file with the court, to comply with court orders and the Federal Rules of Civil Procedure, and to stay informed of the status of the case. (*Id*. at 3.) The court ordered Plaintiff to file a proposed summons for Defendant and advised Plaintiff of her responsibility to have the summons and complaint served within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. (*Id*. at 2-3.) To date, Plaintiff has not filed a summons for Defendant.

On August 14, 2024, Defendant filed a Motion to Dismiss for Insufficient Service of Process. (Doc. No. 6.) Citing Rule 4(m), Defendant asserted it had not been served in compliance with the Rule and the Court's May 3, 2024 Order. (*Id*. at 2.) Defendant urged the court to dismiss the claims against it because Plaintiff "has not achieved effective service." (*Id*. at 3.)

On August 19, 2024, this court ordered Plaintiff, on or before August 23, 2024, to show cause in writing why Defendant's motion to dismiss should not be granted. (Doc. No. 8.) The court cautioned Plaintiff "should she fail to show cause why the defendant's motion should not be granted or fail to comply with this Order, the Magistrate Judge will recommend that her complaint be dismissed." (*Id*.) This order was sent by certified mail, but no return receipt has been delivered. Plaintiff has filed nothing in response.

On September 13, 2024, this court again ordered Plaintiff, on or before September 25, 2024, to show cause in writing why Defendant's motion to dismiss should not be granted. (Doc. No. 9.) The court reiterated to Plaintiff "should she fail to show cause why the defendant's motion should not be granted or fail to comply with this Order, the

2

Magistrate Judge will recommend that her complaint be dismissed." (*Id.*) This order was sent by certified mail, but no return receipt has been delivered. Once again, Plaintiff has filed nothing in response.

Considering the facts before the court, Plaintiff's inaction is fatal to her case. First, this case is due to be dismissed without prejudice for Plaintiff's failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure. Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, *the court*—on motion or on its own after notice to the plaintiff—*must dismiss* the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). To date, Plaintiff has filed nothing in response to Defendant's Rule 4(m) motion despite being afforded the opportunity to do so. Hence, after notice being given to Plaintiff, the undersigned concludes that this action should be dismissed without prejudice because service has not been perfected on Defendant within the 90-day period required by Rule 4(m).

Second, this case is subject to dismissal without prejudice due to Plaintiff's failure to comply with the court's orders and to prosecute this case.[1] *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of

---

[1] In fact, Plaintiff has not filed anything with the court since she filed her complaint on April 30, 2024.

Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

### III.  CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS as follows:

1. Defendant's motion to dismiss (Doc. No. 6) be GRANTED.

2. This case be DISMISSED without prejudice.

It is further ORDERED that, on or before **October 28, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  The parties are advised that frivolous, conclusive, or general objections to the Recommendation will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right

of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of October, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE